RCO HAWAII, LLLC
DEREK WONG # 4155
BRETT RYAN # 7327
900 FORT STREET MALL, SUITE 800
HONOLULU, HI 96813
PHONE: (808) 532-0090
FAX: (808) 524-0092
bryan@rcolegal.com

Attorneys for Creditor
Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC2 Asset-Backed Pass-Through Certificates

UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII

| In re:<br><br>Russell Jack Grisham<br><br><div align="center">Debtors.</div> | CASE NO. 14-00500<br>(Chapter 13)<br><br>WELLS FARGO BANK N.A., AS TRUSTEE, FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC2 ASSET-BACKED PASS-THROUGH CERTIFICATES 'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN; CERTIFICATE OF SERVICE<br><br>Re: Docket Entry No. 15<br><br>HEARING:<br>DATE:   June 26, 2014<br>TIME:    9:40 AM<br>JUDGE:  Honorable Robert J. Faris |
|---|---|

WELLS FARGO BANK N.A., AS TRUSTEE, FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC2 ASSET-BACKED PASS-THROUGH CERTIFICATES , its successors in interest and assigns ("Creditor"), objects to confirmation of the proposed chapter 13 Plan ("Plan") of Russell Jack Grisham ("Debtor").

///

///

Objection to Confirmation
201371
Page - 1

## PRELIMINARY STATEMENT

On or about March 27, 2006, Debtor executed and delivered a note in favor of Home123 Corporation in the original principal amount of $680,000.00 ("Note"). This Note was secured by a Mortgage ("Mortgage") encumbering real property commonly described as 2029 ALA WAI BLVD PH A, HONOLULU, HI 96815 ("Property"). Creditor is the holder of the Note or services the Note for the holder.

The outstanding balance due on the Note as of filing is approximately $1,003,539.37. As of the same date the loan is contractually due from the September 1, 2008 payment. The pre-petition arrears, including payments, late charges, escrow advances and accrued fees and costs total approximately $354,185.05; Creditor's proof of claim will be filed shortly. The current ongoing contractual monthly payment as of July 1, 2014 is $4,808.39.

Despite owing Creditor approximately $1,003,539.37 on a property that Debtor values at $260,000.00, Debtor filed for protection under Title 11, Chapter 13 of the United States Code on April 11, 2014, case number 14-00500.

Debtor filed his Plan on May 5, 2014. However, Debtor's Plan does not provide for curing the arrears owed to Creditors. The Plan also fails to provide for ongoing payments to Creditor as they become contractually due. Instead, Debtor's entire Plan is based on Debtor's hope that he will obtain a loan modification. Debtor also indicated in his Plan that he will be bringing a Motion for Collateral Valuation in an apparent attempt to cramdown the loan secured solely by his primary residence.

Finally, as discussed below, Debtor clearly does not qualify for Chapter 13 under 11 U.S.C. 109(e), as Debtor exceeds the debt limits set forth therein.

///
///
///

## DISCUSSION

Under 11 U.S.C. § 1325(a)(5) the Court shall confirm a Plan only if as to each secured claim the claim holder accepts the Plan and the Plan provides for distribution to that creditor in an amount not less than the value of the allowed secured claim. In this case, Creditor does not except the Plan and the Plan fails to provide Creditor with an amount less than Creditor's allowed secured claim.

Under 11 U.S.C. § 1325(a)(6) the Court shall confirm the Plan only if the Debtor demonstrates an ability to make all payments under the Plan and otherwise perform on the provisions of the Plan. Debtor clearly does not have the ability to make all payments under the Plan. According to Schedule I, Debtor's monthly income is $4,746.00. The total arrears due to Creditor is approximately $354,185.05. In order to cure the arrears due to Creditor over 60 months, Debtor would need to pay $5,903.08 per month (not including the Trustee's commission). That is in addition to Debtor's contractual monthly payment as of July 1, 2014, to Creditor in the amount of $4,808.39, as well as Debtor's other expenses.

Under 11 U.S.C. § 1325 (a)(1) and 1322 (b)(2) a Plan may not modify the rights of a holder of a claim secured only by an interest in real property that is the Debtor's personal residence. Rather than providing for Creditor's claim, Debtor has indicated that he will be filing a Motion for Collateral Valuation in an apparent attempt to cramdown the loan secured solely by his primary residence. That clearly violates 11 U.S.C. 1322 (b)(2).

Under 11 U.S.C. § 1325(a)(3), the Court shall only confirm a Plan filed in good faith. The Plan attempts to modify Creditor's loan in violation of 11 U.S.C. 1322 (b)(2), which is not good faith. In addition, the Plan does not provide for Creditor's claim. Instead, it is all contingent on Debtor obtaining a loan modification. That is not good faith. Debtor needs to provide for Creditor's claim. If Debtor obtains a loan modification, then Debtor can amend his Plan.

Under 11 U.S.C. § 1325 (a)(1) and 1322 (b)(2) a Plan must provide for the cure of an existing default within a reasonable time and require the maintenance of payments while the case is pending on a secured claim on which the last payment is due after the date on which the final

payment under the Plan is due. Clearly, Debtor's Plan fails to provide for curing the default due to Creditor.

Debtor does not qualify for Chapter 13 as Debtor exceeds the debt limit set forth in 11 U.S.C. 109(e). Specifically, in order to qualify for Chapter 13, a debtor may not have more than $383,175.00 in unsecured debt, including the unsecured portion of a secured loan. In this case, the balance of Creditor's loan secured by the Property is approximately $1,003,539.37. According to Debtor's Schedule D, the value of the Property is $260,000.00. As such, the unsecured portion of the loan is $743,539.30, which clearly exceeds the debt limit set forth in 11 U.S.C. 109(e). That does not include Debtor's other unsecured debts. As such, Debtor does not qualify for Chapter 13 and the case must be dismissed.

## CONCLUSION

For all of the above reasons, the proposed Chapter 13 Plan fails to comply with the requirements of Title 11 of the United States Code and Debtor does not qualify for Chapter 13. Therefore, Creditor respectfully requests the Court deny confirmation of the proposed Chapter 13 Plan and dismiss the instant case.

DATED: June 17, 2014.

RCO HAWAII, LLLC
Attorneys for Creditor

By: Brett Ryan